UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

| Case No. | CV 15-1093 DSF (PLAx) | Date | 4/13/15 |
|---|---|---|---|
| Title | Tutor-Saliba Corp. v. Everest National Ins. Co., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Plaintiff's Motion to Remand (Dkt. No. 14)[1]

Generally, all served defendants must join in or consent to removal of an action to federal court. 28 U.S.C. § 1446(b)(2). Failure to obtain consent of all served defendants prior to the expiration of the 30-day removal period renders the case subject to remand. See Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999). Both defendants were served on January 15, 2015. The case was removed by Everest National Insurance Company on February 13, 2015. The notice of removal, on its face, indicates that no consent to removal was given by co-defendant Ace American Insurance Company prior to removal. The declaration submitted by Everest in conjunction with this motion shows the same. (See Haas Decl. ¶¶ 9-14.) Everest admits that Ace first consented to removal on February 17, 2015. (Id. ¶ 14.) February 17 is more than 30 days after January 15. Therefore, consent to removal was not given within the statutory 30-day period. Plaintiff has objected to this procedural defect in removal and has moved to remand. Even assuming that the Court has discretion to allow a belated cure of the defect, it sees no reason to in this case, as Everest has not established that it was diligent in seeking Ace's consent prior to the expiration of the 30-day period. Neither the notice of removal nor opposition to the remand motion indicates when Everest first attempted to contact Ace. They do, however, show that Everest first contacted Ace's counsel on the

---

[1] The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for April 20, 2015 is removed from the Court's calendar.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

day before removal.  On this showing, the Court is not convinced that Everest made sufficient efforts to obtain consent to removal prior to expiration of the 30-day period.

Everest has also not demonstrated that Ace is a nominal party to this action such that joinder or consent to removal is not required.  "A federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."  Kuntz v. Lamar Corp., 385 F.3d 1177, 1183 (9th Cir. 2004) (quoting Navarro Sav. Assoc. v. Lee, 446 U.S. 458, 461 (1980) (internal brackets omitted).  A court should "ignore the citizenship of nominal or formal parties who have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant."  Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000).  Ace is alleged to be the primary insurer for the relevant loss.  The complaint suggests, as a factual matter, that there may not be a genuine controversy between Plaintiff and Ace, but this would mean that Plaintiff has no claim against Ace, not that Ace is a nominal party that has only been joined for ministerial reasons.

The motion to remand is GRANTED.  The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.